*447 Opinion of
the Court.
THIS was an action of trespass, brought in the circuit court by Holden, to recover damages against Thomas and Alvin Montjoy, for forcibly entering a storehouse and taking therefrom a quantity of merchandize belonging to the firm of Holden and Montjoy.
The trial was had in that court on the general issue, and a verdict of $2,180 80 3-4 found for Holden, and judgment entered thereon against the Montjoys.
The questions made in this court, involve the correctness of the opinions given by the circuit court, on motions made by the Montjoys for instructions to the jury.
*448 It appears from the evidence contained in the record, Thomas Montjoy, one of the defendants in the circuit court, and the plaintiff, Holden, were partners in trade and rightful owners of the merchandize for which the damages are sought to be recovered in this case; that previous to the alleged trespass, the partner, Montjoy, sold the merchandize to the other defendant, Alvin Montjoy, and others; and that without the assent of Holden and against his will, the defendants procured the store-house to be broken open, caused the merchandize to be invoiced, and refused to permit Holden to enter the house, or exercise any control over the goods; but there was no evidence conducing to show, that any part of the goods was actually destroyed.
The counsel for the Montjoys, moved the court to instruct the jury that the value of the goods ought not to furnish any criterion, to be taken into consideration in assessing damages; but the court refused to give the instructions asked, and instructed the jury that the plaintiff could not recover more than the value of the moiety of the goods.
In refusing to give the instructions asked, we think the court erred. Assuming the fact to be, that the goods were actually sold by the partner, Thomas Montjoy, before the alleged trespass in breaking the house, it is impossible to perceive, how the value of the goods can form any legitimate consideration in assessing damages. As partner, either of the firm might sell any part or all the goods belonging to the concern; and after a sale by either, the right of property passed from the firm, and no member of it could thereafter have such an interest in the goods, as to authorize the recovery of damages for the taking or detaining them by any other.
But if it be said, that whether or not the goods were in fact sold by the partner, Thomas Montjoy, was a question proper for the decision of the jury, and that as the instructions asked were not hypothecated on the opinion of the jury, as to that fact, it was proper in the court to refuse the instructions, it is answered, that if the goods were not sold, the defendant, Thomas Montjoy, must, as partner, have held an equal interest in them with the plaintiff, Holden, and cannot have been liable to the action of Holden for the taking of the goods. He might, perhaps, have been liable if the goods had been actually destroyed; but there is no evidence of any de *449 struction, and it is well settled, that unless the goods held in common be actually destroyed, an action of trespass or trover cannot be maintained by one tenant in common, joint tenant, or partner, against another—1 Chitty on Pleading, 156; Buller’s Nisi Prius, 34, 35; 2 Saunders’ Rep. 47, f. g. Note 1; Wat. Part. 148.
But it was contended in argument, that however true it may be, that one partner cannot maintain trespass against his co-partner, any one of the partners may recover of a stranger for a trespass committed on the partnership goods, unless the failure to unite all the firm in the action, is taken advantage of by plea in abatement, and as there is no plea in abatement in this case, and the action is brought against Alvin Montjoy, who was no partner, it was insisted that the plaintiff, Holden, is entitled to recover the value of the moiety of the goods. It should, however, be recollected, that the partner, Thomas Montjoy, is a co-defendant with Alvin Montjoy, and damages are sought to be recovered for a taking by the defendants jointly; and as from the nature of Thomas Montjoy’s right and interest in the goods, no trespass can have been committed by him in taking them, the co-operation of Alvin in that taking, cannot change the character of the act from what it would have been, if the taking had been by Thomas only.
Judgment reversed.